UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LUCILLE TAGLIERE, <br>     Plaintiff, <br><br> v. <br><br> HORSESHOE HAMMOND LLC, <br>     Defendant. | ) <br> ) <br> ) <br> )  CAUSE NO.: 2:23-CV-199-JTM-JPK <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As the party seeking federal jurisdiction, it is Plaintiff's burden to establish that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). The complaint alleges jurisdiction based on diversity of citizenship. [DE 1 ¶ 4]. For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy, but has not properly alleged the parties' citizenships.

Regarding Plaintiff's citizenship, the complaint states only that "Plaintiff Lucille Tagliere [] resides at 3829 Wesley Avenue, Berwyn, Cook County, Illinois 60402." [DE 1 ¶ 2]. Diversity jurisdiction is based on diversity of citizenship, which in turn "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

Plaintiff must allege her citizenship based on where she intends to live over the long run, rather than her residency.

As for the defendant, the complaint states that "Horseshoe Hammond, LLC, d/b/a Horseshoe Casino ("Horseshoe"), is an Indiana limited liability company that owns and/or operates a casino located at 777 Casino Center Drive Hammond, Lake County, Indiana 46320 (the "Casino")." [DE 1 ¶ 3]. However, a limited liability company takes the citizenships of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003). Therefore, the name and citizenship of each member must be identified to determine diversity jurisdiction. If the members are themselves limited liability companies or other unincorporated entities, the citizenships of those members must be identified. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . and, if those members have members, the citizenship of those members as well.").

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **September 12, 2023**, a supplemental jurisdictional statement that properly alleges the parties' citizenship, as described above.

So ORDERED this 22nd day of August, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
